## DIMMICK v. UNITED STATES.

*(District Court, M. D. Alabama. November 23, 1887.)*

CLERK OF COURT—UNITED STATES COURTS—SUPERVISOR OF ELECTIONS—FEES.
    The clerk of the United States district and circuit courts, and chief supervisor of elections, should file and indorse each paper that comes into his possession officially, although pertaining to the same case or matter, and not simply the outside paper or wrapper, and he is entitled to fees for each paper filed. He is also entitled as supervisor to fees for indexing and entering records of elections as required by law.

At Law. On demurrer to petition for fees as court commissioner and chief supervisor of elections, and upon the merits.

*Geo. H. Patrick,* for plaintiff.

*Geo. F. Moore,* Asst. U. S. Atty., for the United States.

BRUCE, J. This is a suit brought under the recent act of congress approved March 3, 1887. The plaintiff is clerk of the district and circuit courts of the United States, and chief supervisor of elections for the Middle district of Alabama, and sues for amounts due to him for services rendered by him for and on behalf of the United States. He charges that the amount sued for was included in accounts which, as such clerk and chief supervisor, respectively, he made against the United States, and which were verified by oath and duly presented to the district court of the United States for this district, for approval; and that such accounts were duly approved by the court, and transmitted to the proper accounting officer at Washington, except one account not forwarded; and that the first comptroller of the treasury department disallowed a portion of his accounts so transmitted, as per his statements of differences which were submitted in the evidence in the case, and the same reasons apply to the account not forwarded. To the petition the district attorney of the United States interposes a demurrer, and says that said accounts have been adjusted by the first comptroller of the treasury department; and that the reasons that induced the comptroller to disallow said items are sufficient in law to sustain his action. The questions of law presented by the demurrer have been substantially decided in the case of *Barber* v. *U. S.,* 35 Fed. Rep. 886, at the present term, and that decision is followed herein.

The principal items in this suit objected to by the comptroller are the filing of papers from United States marshals, and from commissioners, and indexing, filing, and entering records of chief supervisor of elections. It would be an unsafe precedent to follow the suggestion of the comptroller that only the outside paper or wrapper should be filed, the entire package or file being made up of separate papers, although appertaining to the same case or matter, or that but one of such package of papers should be filed. Penalties are prescribed against abstracting or altering papers filed in any federal court. It would not do for the fact of such filing to depend upon the uncertain memories of the clerk or his deputies, nor for the clerk to abitrarily consider some papers in a package filed and others not filed, and to keep no written record even of this. The embarrassments consequent upon such practice are apparent. The clerk's indorsement *prima facie* proves the filing, and such indorsement is the usual manner of evidencing the filing, and is the proper one. It should be upon every paper filed in his office. For all papers filed by him, the clerk is entitled to the compensation provided by law. It was manifestly the duty of the clerk to file all of the papers referred to in this suit and proved upon the trial. It was equally his duty to mark these papers filed in the usual manner. As he has actually done the filing charged for, his fees therefor are allowed. The same may be said of the services performed by

plaintiff as chief supervisor of elections. The work charged for was required by law to be done, and was done, and the charge per folio for recording is the fee allowed by law. Judgment wi'l therefore be entered in favor of the plaintiff for the sum of $682.55, with interest from date, together with the costs to be taxed.

NOTE. In this case the appeal taken by the United States was argued and dismissed in the United States circuit court for the Middle district of Alabama, at Montgomery, July 16, 1888.